UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:10-CR-00362-PMP-PAL |
| ) | 2:12-CV-00761-PMP |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JEFF EDRINGTON, ) | |
| ) | |
| Defendant. ) | |

Before the Court for consideration is Defendant Jeff Edrington's fully briefed Motion Under U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #39) filed May 7, 2012. For the reasons set forth in the Opposition to Defendant's Motion filed by Plaintiff United States on July 16, 2012 (Doc. #44), the Court finds Defendant's Motion (Doc. #39) must be denied.

Defendant Edrington's Motion is predicated on his erroneous view that the arguments made by the prosecutor at sentencing were subject to some form of objection by his defense counsel under the Federal Rules of Evidence, and on the further view that the Court at sentencing failed to resolve Edrington's claim that he did not "groom" his putative victim. For the reasons set forth in the Government's Response (Doc. #44) the Court finds Edrington is wrong. First, under the Plea Agreement, Edrington waived his right to appeal a sentencing within the applicable United States Sentencing Guideline range, which here was imposed. While such a

waiver of appeal does not waive a defendant's right to assert a claim for ineffective assistance of counsel, the record in this case simply does not support any argument that the performance of Edrington's counsel was deficient or that any deficient performance resulted in cognizable prejudice to Defendant Edrington. *Strickland v. Washington*, 466 U.S. 668 (1984).

**IT IS THEREFORE ORDERED** that Defendant Jeff Edrington's Motion Under U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #39) is **DENIED**.

DATED: July 23, 2012.

_____
PHILIP M. PRO
United States District Judge