1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7    UNITED STATES OF AMERICA,                    Case No. 2:10-CV-362 JCM (PAL)

8                               Plaintiff(s),              AMENDED ORDER

9          v.

10   JEFF EDRINGTON,

11                              Defendant(s).

12

13          Presently before the court is defendant Jeff Edrington's motion for early termination of

14   his supervision.  (ECF No. 62).  The government filed a response (ECF No. 64), to which

15   defendant replied (ECF No. 65).[1]

16   **I.        Background**

17          On June 10, 2011, defendant was sentenced to 78 months in custody and lifetime

18   supervised release pursuant to a guilty plea on one count of receipt of child pornography.  (ECF

19   No. 33).  Defendant began his term of supervision in April 2017.  He now moves to terminate

20   that supervision.  (ECF No. 40).

21   **II.       Legal Standard**

22          Pursuant to 18 U.S.C. § 3583(e), the court may, after considering the factors set forth in

23   18 U.S.C. § 3553(a), terminate supervised release after one year "if it is satisfied that such action

24   is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. §

25   3583(e)(1).  Those factors include, *inter alia*, "the nature and circumstances of the offense and

26   the history and characteristics of the defendant" and "the kinds of sentence and the sentencing

27   _____

28          [1] This amended order corrects an error appearing on page 1, line 15, of the original order
and removes a conflicting sentence stating that defendant did not reply.

James C. Mahan
U.S. District Judge

range established for the applicable category of offense committed by the applicable category of defendant." 18 U.S.C. §§ 3553(a)(1), (4).

**III.   Discussion**

Defendant argues that his supervision should be terminated because he has complied with all conditions, developed a prosocial support system, and been adequately deterred from future criminal activity. (ECF No. 62). Specifically, he also seeks termination so that he can receive a recommendation to enter a temple of the Church of Latter Day Saints, which he allegedly is not allowed to do while on supervised release.

Mere compliance with supervised release conditions, without more, is not enough to modify or terminate supervision. *United States v. Boozer*, No. 2:12-cv-00004-APG-EJY, 2019 WL 7666537, at *1 (D. Nev. Oct. 1, 2019). While a defendant need not show undue hardship, changed circumstances, or even exceptionally good behavior to warrant termination, he must show that, on balance, the relevant sentencing factors weigh in favor of termination. *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). The relevant factors here are (1) the nature and circumstances of the offense and defendant, (2) deterrence of future criminal conduct, (3) the need to protect the public from future crimes, (4) providing the defendant with needed treatment and services, (5) other kinds of sentences available, (6) the pertinent sentencing commission policy statements, (7) the need to avoid sentencing disparities, and (8) defendant's restitution obligations.

Defendant's circumstances present a difficult conundrum. On one hand, you have a defendant who committed a grave offense—possessing and consuming child pornography. On the other, you also have a defendant that has taken serious and substantial steps to rehabilitate himself after his release from custody.

While in custody, he completed various vocational and certificate programs. Since his release, he has been deeply involved as a member of the Church of Latter Day Saints. He currently leads pornography addiction recovery meetings weekly and several members have written letters to the court to describe how meaningful is leadership is. *See* (ECF No. 62). These

James C. Mahan
U.S. District Judge

- 2 -

1    meetings supplement his supervision-mandated therapy sessions.  Further, he has no record of

2    any violations over the course of his six-year supervision.

3          While the court credits him for this progress, it cannot turn a blind eye to the full reality

4    of defendant's situation.  Defendant is currently the caretaker for his elderly mother.  He lives

5    alone with her.  He does not work.  Conditions like those present a prime opportunity for him to

6    reoffend considering his original crime was committed under similar circumstances—in private

7    and through the use of a computer.

8          Bearing in mind the relevant factors, while close, the court is not persuaded that

9    termination is warranted yet.  Defendant has clearly made progress toward rehabilitation and

10   built some level of prosocial support system, and the court stresses again that there is no

11   evidence of any previous violations.

12         However, every other relevant factor tends to weigh against termination.  Defendant's

13   crime was a grave one, and the weighty punishment levied by the court recognizes the

14   seriousness of the offense.  While he may not be receiving significant services from probation,

15   he is still receiving some (his mandated therapy).

16         Moreover, the court cannot ignore the high recidivism rates amongst child sex offenders.

17   *See United States v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008).  While that alone cannot be the

18   determining factor, the court finds it particularly concerning given the fact that his current living

19   situation presents ample opportunity to reoffend.  Thus, deterrence of future conduct and the

20   need to protect the public both weigh in favor of supervision.

21         In short, considering the factors above and the fact that defendant is not entitled to the

22   *Guide to Judiciary Policy*'s presumption in favor of termination, the court is not convinced that

23   the relevant sentencing factors weigh in favor of termination at this time.  This court enjoys

24   "broad discretion in determining whether to grant a motion to terminate supervised release,"

25   *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014), and it exercises that discretion to

26   deny that motion here, without prejudice.  Defendant may move to terminate his supervision

27   again in the future should the balance of the relevant factors meaningfully shift.

28   **IV.    Conclusion**

James C. Mahan
U.S. District Judge

1    Accordingly,

2    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for

3    early termination (ECF No. 62) be, and the same hereby is, DENIED.

4    DATED July 18, 2023.

5

6    _____
     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**